**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4528

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES WILLIAM BYNUM, a/k/a Woo Bynum, a/k/a
Budda Bynum, a/k/a Big E,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CR-04-823)

Submitted:  January 20, 2006          Decided:  February 9, 2006

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Craig Brown, Florence, South Carolina, for Appellant. Alfred
William Walker Bethea, Jr., Assistant United States Attorney,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James William Bynum pled guilty to one count of conspiracy to possess with intent to distribute and distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846 (2000). Bynum was sentenced to imprisonment for 235 months. We affirm the conviction and sentence.

Because the district court determined Bynum was responsible for 7,753 grams of cocaine base, Bynum was assigned a base offense level of thirty-eight. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2004). Additionally, the district court enhanced Bynum's offense level by two because his co-conspirator possessed a firearm. See USSG § 2D1.1(b)(1). After the application of a three-level adjustment for acceptance of responsibility, Bynum's total offense level was thirty-seven. Bynum was assessed seven criminal history points. This total included two points because the offense was committed while Bynum was on probation, see USSG § 4A1.1(d), and one point because the offense was committed less than two years after Bynum's release from a qualifying term of imprisonment, see USSG § 4A1.1(e). Bynum's resulting criminal history category of IV placed him within an advisory guideline range of 292 to 365 months.

Bynum's counsel made numerous written objections to the Presentence Investigation Report, including objections to (1) the

minimum term of imprisonment being twenty years and (2) the drug weight attributed to Bynum. Though counsel acknowledged that the Government filed a notice of enhancement pursuant to 21 U.S.C. § 851 (2000), he argued that the statutory minimum was ten years as that was the district court's advisement during Bynum's Rule 11 hearing. The Probation Officer acknowledged that the district court did not advise Bynum of the enhanced statutory minimum under § 851 and, consequently, revised the presentence report to comport with the district court's advisement. At sentencing, Bynum's counsel agreed to withdraw his objection to the drug weight attributed to Bynum so long as the Government conceded the two-point firearm enhancement. As a result, Bynum's total offense level became thirty-five and, with a criminal history category of IV, his advisory guideline range was 235 to 293 months. The district court adopted the presentence report, as revised, and sentenced Bynum to imprisonment for 235 months.

On appeal, counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising the issue of whether the district court erred in its Rule 11 colloquy when it misstated the mandatory minimum sentence. Though counsel contends the district court erred, he concedes that such error did not affect Bynum's substantial rights. Bynum was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file an answering brief.

- 3 -

Because Bynum did not seek to withdraw his guilty plea in the district court, his alleged Rule 11 error is reviewed by this Court for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). We "may notice an error that was not preserved . . . only if the defendant can demonstrate (1) that an error occurred, (2) that it was plain error, and (3) that the error was material or affected the defendant's substantial rights." Id. at 524. It is clear that the district court erred in its recitation of the statutory minimum and that such error was plain. However, the presentence report was revised to comport with the district court's Rule 11 advisement. Furthermore, the district court's sentence was both at the low end of the guideline range and below the proposed § 851 enhanced statutory minimum. Therefore, we conclude Bynum's substantial rights were not affected.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly we affirm Bynum's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED